From Hillsborough.
To this bill the defendants answered and alleged that it was expressly agreed between their testator, Matthew Jones, and Samuel Landrum, at the time of the conveyance aforesaid, that Jones might either sell the land or hold it himself, he paying to Landrum the purchase money named in the deed; that Jones had elected to take the land, and had paid part of the purchase money before the conveyance was made by Landrum to Brooks. It was further insisted that various artifices were resorted to to induce Landrum to convey the land to Alston, and that this conveyance was procured by false representations and without any valuable consideration, either paid or secured to be paid to Landrum, etc.
The cause was set for hearing, and the court having ordered an issue to be tried, "Whether the conveyance to Matthew Jones was made to him upon a valuable consideration, as a purchaser, before the execution of the deed to Thomas Brooks," the defendants *Page 47 
offered in evidence sundry depositions and, among others, that of Samuel Landrum, which was admitted by the court, and the jury found that the conveyance to Matthew Jones was made to him upon a valuable consideration as a purchaser, before the execution of the deed to Thomas Brooks. Whereupon the court ordered the bill to be dismissed with costs. Upon motion of the complainant's counsel, the case was (47) sent to this Court upon the whole evidence, and upon the question, "Whether Samuel Landrum was a competent witness upon the trial of the issue aforesaid."
We are of opinion that the deposition of Samuel Landrum was properly admitted in evidence upon the trial of the issue in the court below; and the jury having found that the conveyance to Matthew Jones was made to him as a purchaser for a valuable consideration, before the execution of the deed to Thomas Brooks, the decree of the court below must be confirmed and the bill be dismissed with costs.